UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEVORNE WARE,<br><br>        Petitioner,<br><br>v.<br><br>MENDOZA-POWERS,<br><br>        Respondent. | 1:05-cv-00548-AWI-TAG HC<br><br>ORDER TO SHOW CAUSE<br>WHY PETITION SHOULD NOT BE<br>DISMISSED FOR FAILURE TO COMPLY<br>WITH THE STATUTE OF LIMITATIONS<br>AND FAILURE TO EXHAUST STATE<br>REMEDIES |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     The instant petition was filed on April 25, 2005.  (Doc. 1).  It raises three grounds for relief:  (1) Petitioner's conviction was obtained by an unlawful search and seizure; (2) failure of the prosecution to disclose exculpatory evidence; and (3) ineffective assistance of trial counsel.  (Doc. 1, pp. 5-6).

**DISCUSSION**

     Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules governing § 2254 Cases.

I. <u>Statute of Limitations</u>.

The Ninth Circuit has held that a district court may raise the statute of limitations *sua sponte* and dismiss the petition on those grounds. <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-44 (9th Cir. 2001) (indicating that once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on April 25, 2005; thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

1    Here, Petitioner asserts that he was convicted on February 26, 2003, and that the
2  California Court of Appeal, Fifth Appellate District, affirmed his conviction on September 24,
3  2004. (Doc. 1, p. 3). However, Petitioner has attached to his Petition a letter from the California
4  Supreme Court indicating that the Fifth Appellate District issued its opinion on October 23,
5  2003, *not* September 24, 2004. (Doc. 1, Exh. A). The letter also indicates that no petition for
6  review was filed in the California Supreme Court by Petitioner and that the California Supreme
7  Court subsequently lost jurisdiction to consider such a petition for review. (Id.).

8    In California, a conviction becomes final forty days after the California Court of Appeal
9  files its opinion. See Cal. Rules of Court, rules 24(a), 45(a); Cal. Civ. Proc. Code § 12a; Smith
10 v. Duncan, 297 F.3d 809 (9th Cir. 2002). Accordingly, if the letter from the California Supreme
11 Court is correct, Petitioner's appeal would have become final forty days after October 23, 2003,
12 or on December 2, 2003. Petitioner would then have one year from December 2, 2003, or until
13 December 2, 2004, absent applicable tolling, within which to file his federal petition for writ of
14 habeas corpus. The instant case was not filed until April 25, 2005, approximately four months
15 *after* the one-year limitations period would have expired. Accordingly, absent applicable tolling,
16 it appears that Petitioner has filed his Petition beyond the one-year statute of limitations.

17   From the present record, it does not appear that any tolling provisions would make the
18 Petition timely. Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed
19 application for State post-conviction or other collateral review with respect to the pertinent
20 judgment or claim is pending shall not be counted toward" the one year limitation period. 28
21 U.S.C. § 2244(d)(2). See Carey v. Saffold, 536 U.S. 214 (2002) (the Court held that a petitioner
22 is normally entitled to one "full round" of collateral review in state court without federal
23 interference. While the "full round" is properly in progress, the AEDPA's one-year statute is
24 tolled). Welch v. Carey, 350 F.3d 1079 (9th Cir. 2003) *cert. denied by* Welch v. Carey, 2004
25 U.S. LEXIS 3930 (June 1, 2004). Petitioner expressly indicated in his Petition that he did not
26 file any state habeas corpus proceedings; thus, § 2244(d)(2) is inapplicable. (Doc. 1, p. 3).

27   Nor does it appear that Petitioner entitled to invoke the statutory tolling provisions of 28
28 U.S.C. § 2244(d)(1)(D). Title 28 U.S.C. § 2244(d)(1)(D) states that the limitation period shall

1 run from "the date on which the factual predicate of the claim or claims presented could have
2 been discovered through the exercise of due diligence." The objective standard in determining
3 when time begins to run under Section 2241(d)(1)(D) is "when the prisoner knows (or through
4 diligence could discover) the important facts, not when the prisoner recognizes their legal
5 significance." Hasan v. Galaza, 254 F.3d 1150 (9th Cir.2001), quoting, Owens v. Boyd, 235 F.3d
6 356, 359 (7th Cir.2000).

7 Here, Petitioner indicated that each of the claims in the instant Petition was presented to
8 the Court of Appeal, Fifth Appellate District, as part of the direct state review of Petitioner's
9 conviction. (Doc. 1, p. 3). Accordingly, Petitioner knew of those issues and their factual
10 predicates at the time of the direct review; therefore, it appears that he is not entitled to tolling
11 pursuant to § 2244(d)(1)(D).

12 Finally, the limitations period is subject to equitable tolling if "extraordinary
13 circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on
14 time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing, Alvarez-
15 Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, Berellez v.
16 Alvarez-Machain, 522 U.S. 814 (1997); Calderon (Beeler), 128 F.3d at 1288 (noting that
17 "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted
18 if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition
19 on time"). "When external forces, rather than a petitioner's lack of diligence, account for the
20 failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."
21 Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Therefore, equitable tolling applies
22 only where a petitioner has diligently pursued his claims, but has in some "extraordinary way"
23 been prevented from asserting those claims.

24 Here, Petitioner has not contended that the limitations period should be equitably tolled
25 nor has he provided any explanation for the four-month delay in filing the instant petition *after*
26 the one-year limitations period had expired. Furthermore, it appears from documents supplied by
27 Petitioner himself that he failed to timely present any of the instant issues to the California
28 Supreme Court, either through a petition for review or in a collateral proceeding in state court.

Thus, based on the information currently available, the Court can find no reason to equitably toll the limitations period. As there exist no circumstances sufficient to justify equitably tolling the limitation period, it appears that the petition is untimely and should be dismissed with prejudice.

II. Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Although Petitioner asserts in the petition for writ of habeas corpus that he presented the instant claims to the California Supreme Court, Petitioner's own supplemental documentation establishes the contrary, i.e., that Petitioner failed to timely file a petition for review in the California Supreme Court. If true, that would mean that none of Petitioner's claims were presented to the California Supreme Court. If Petitioner has *not* presented all of his claims to the California Supreme Court, the claims are unexhausted and the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).

However, it is possible that Petitioner has exhausted these claims but simply failed to advise the Court of that fact. Therefore, the Court will permit Petitioner, in his response to this order to show cause, to provide evidence that the claims contained in the instant Petition were in fact presented to the California Supreme Court. If Petitioner is unable to establish that his claims are exhausted, the Court will in all likelihood recommend to the District Court that the instant Petition be dismissed.

///

///

**ORDER**

Accordingly, Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the petition should not be dismissed for Petitioner's violation of the one-year limitations period contained in 28 U.S.C. § 2244(d)(1) and for his failure to exhaust state remedies.[1]

Petitioner is forewarned that failure to follow this order will result in a recommendation that the petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:**  **December 14, 2005**          /s/ Theresa A. Goldner
j6eb3d                                         UNITED STATES MAGISTRATE JUDGE

---

[1] In the event Petitioner has not exhausted his state remedies, he may wish to withdraw the instant petition as there exists a one year period of limitations in which a petitioner must file a federal petition for writ of habeas corpus 28 U.S.C. § 2244(d)(1). The limitations period is tolled during the time a petition for writ of habeas corpus is pending in state court. However, it is not tolled for the time a *federal* petition is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 69 USLW 4473 (2001).