# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEVORNE WARE,            )<br>                                                    )<br>                    Petitioner,       )<br>                                                    )<br>          v.                                       )<br>                                                    )<br>MENDOZA-POWERS,                 )<br>                                                    )<br>                    Respondent.    )<br>_____) | 1:05-cv-00548-AWI-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT MOTION TO DISMISS (Doc. 13); ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS<br><br>ORDER GRANTING MOTION TO SUBSTITUTE CHRIS STRICKLAND AS RESPONDENT AND DIRECTING CLERK OF COURT TO MAKE SUCH SUBSTITUTION (Doc. 13)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (Doc. 16)<br><br>ORDER DENYING MOTION FOR RULING AS MOOT (Doc. 17) |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. sec. 2254.

The instant petition was filed on April 25, 2005. (Doc. 1). On May 8, 2007, Respondent filed the instant motion to dismiss in lieu of an answer, contending that Petitioner's claims were not fully exhausted in State court. (Doc. 13). On May 25, 2007, Petitioner filed an opposition to the motion to dismiss. (Doc. 16). On July 18, 2007, Petitioner filed a motion for ruling. (Doc. 17).

## DISCUSSION

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

1

...

petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion. See id.

In this case, Respondent's motion to dismiss is based on Respondent's contention that Petitioner has never presented his claims to the California Supreme Court. Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4. O'Bremski, 915 F.2d at 420.

B. Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887 (1995); Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-9, 112 S.Ct. 1715 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106-1107 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Respondent has lodged documents with the Court that establish that on February 5, 2003, Petitioner was convicted in the Superior Court for the County of Kern of failure to register as a sex offender and sentenced to a prison term of seven years.  (Lodged Document ("LD") 2, p. 2; LD 12, p. 1).  Petitioner's appeal of his conviction was affirmed by the California Court of Appeal, Fifth Appellate District ("5th DCA") on October 23, 2003.  (Id.).  Petitioner's sole issue in his direct appeal was whether the trial court improperly instructed the jury with CALJIC No. 2.21.2.  (Id. at p. 2).

///

1	At this juncture, the positions of Respondent and Petitioner diverge.  Respondent maintains
2	that Petitioner did not file a petition for review in the California Supreme Court, and has submitted a
3	declaration by Jorge Navarette, Deputy Clerk of the California Supreme Court, indicating that his
4	review of the court's files has no record of any filings by Petitioner.  (LD 13).
5	Petitioner, on the other hand, asserts that he did file a petition for review, and has attached to
6	his opposition to this motion two letters from the high court regarding his purported petition for
7	review. (Doc. 16, attachments).  One document is a letter from Henrietta Miner dated December 15,
8	2003, entitled "Supplement to Unknown Petition for Review."  (Id.).  The letter apparently is in
9	response to an inquiry by Petitioner regarding his case, and provides information to Petitioner about
10	the process for filing a tardy petition for review, thus clearly implying that Petitioner had, as of
11	December 15, 2003, not yet filed his petition for review.
12	The other document submitted by Petitioner is a letter from Jorge Navarrete dated May 18,
13	2004, in which he informs Petitioner that the Supreme Court was returning "unfiled" his petition for
14	review that the court had received on that date.  (Id.).  The letter advises Petitioner that the California
15	Supreme Court lost jurisdiction to act on any petition for review as of December 22, 2003, and thus
16	the court was "unable to consider" Petitioner's request for legal relief.  (Id.).  Although Petitioner
17	asserts in his opposition that a draft petition for review was prepared by his appellate attorney "to be
18	forwarded to the California Supreme Court," (id.), it clearly appears from the above chronology that
19	if such a draft petition for review was indeed prepared, it was not filed before the California Supreme
20	Court lost jurisdiction and, when Petitioner attempted to file a late petition for review on May 18,
21	2004, it was returned unfiled to him by the high court.  From the foregoing, it seems clear that
22	Petitioner did not file a petition for review in his direct appeal.  It also appears from the Navarrete
23	declaration, that Petitioner never filed any other documents in the California Supreme Court.
24	In support of this position, Respondent has submitted copies of numerous state court habeas
25	petitions filed by Petitioner subsequent to his conviction in 2003.  (LD 3-12).  However, none of
26	these state habeas petitions were filed in the California Supreme Court; instead, they were all filed
27	either in the 5th DCA or in the Superior Court for the County of Kern.
28	///

From the foregoing, the Court concludes that Petitioner has not presented any of his claims to the California Supreme Court as required by the exhaustion doctrine. Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. at 521-522; Calderon, 107 F.3d at 760. Therefore, Respondent's motion to dismiss should be granted and the petition should be dismissed for lack of exhaustion.

C. Motion to Substitute Name of Respondent

In the motion to dismiss, Respondent also indicates that since filing the original petition, Petitioner has been moved to the Central Valley Modified Community Correctional Facility in McFarland, California. (Doc. 13, p.1, fn. 1). Respondent moves to substitute the name of Petitioner's current warden, Chris Strickland, for the original named respondent, Mendoza-Powers, pursuant to Fed.R. Civ. Proc. Rule 25(d)(1). The Court notes that the docket in this action reflects that on April 27, 2007, Petitioner filed a change of address reflecting that he was transferred to the Central Valley MCCF in McFarland, California. (See Doc. 11). Accordingly, the Court will grant Respondent's motion to substitute the name of the respondent.

D. Motion for Appointment of Counsel

On page 3 of Petitioner's opposition to the motion to dismiss, Petitioner requests the appointment of counsel. (Doc. 16, p. 3). There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. In this case, the Court does not find that the interests of justice would be served by the appointment of counsel at the present time. Accordingly, the Court will deny Petitioner's motion for appointment of counsel.

///

///

E.  <u>Motion for Ruling</u>

On July 18, 2007, Petitioner filed a motion for ruling. (Doc. 17). In light of the foregoing decision and the Court's recommendation to grant the motion to dismiss, Petitioner's motion is moot and will be denied.

## ORDERS

In light of the Court's Recommendations below, the Court HEREBY ORDERS as follows:

1. Petitioner's motion for appointment of counsel (Doc. 16) is DENIED;
2. Petitioner's motion for ruling (Doc. 17), is DENIED as MOOT;
3. Respondent's motion to substitute Chris Strickland for Mendoza-Powers as named Respondent is GRANTED; and
4. The Clerk of the Court is DIRECTED to SUBSTITUTE the name of Chris Strickland for the current named Respondent, Mendoza-Powers.

## RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS as follows:

1. That Respondent's Motion to Dismiss (Doc. 13), be GRANTED; and
2. That the habeas corpus Petition (Doc. 1), be DISMISSED because it contains claims that are not fully exhausted.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The

///

///

///

1 | parties are advised that failure to file objections within the specified time may waive the right to
2 | appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4 | IT IS SO ORDERED.

5 | Dated:   **February 1, 2008**                                                       **/s/ Theresa A. Goldner**
                                                                             UNITED STATES MAGISTRATE JUDGE