# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEVORNE WARE, | ) 1:05-cv-00548 AWI-TAG (HC) |
| Petitioner, | ) ORDER ADOPTING FINDINGS AND |
| v. | ) RECOMMENDATIONS (Doc. 18) |
| MENDOZA-POWERS, et al., | ) ORDER GRANTING MOTION TO DISMISS |
| | ) PETITION FOR WRIT OF HABEAS CORPUS |
| Respondents. | ) (Doc. 13) |
| | ) ORDER DIRECTING CLERK OF COURT |
| | ) TO ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 4, 2008, the Magistrate Judge assigned to the case filed Findings and Recommendations recommending the petition for writ of habeas corpus be dismissed because the petition contained unexhausted claims. (Doc. 18). The Findings and Recommendations were served on all parties and contained notice that any objections were to be filed within twenty days from the date of service of that order. On February 14, 2008, Petitioner filed objections to the Magistrate Judge's Findings and Recommendations. (Doc. 19).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the court concludes that the Magistrate Judge's Findings and Recommendations are supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis. Petitioner has not satisfied the exhaustion

1 requirement by providing the highest state court with a full and fair opportunity to consider his
2 claims before presenting them to this federal court.  See Picard v. Connor, 404 U.S. 270, 276
3 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).   The court recognizes that it can
4 excuse exhaustion if "(i) there is an absence of available State corrective process; or (ii)
5 circumstances exist that render such a process ineffective to protect the rights of the applicant."
6 28 U.S.C. § 2254(b)(1)(B).   However, the court finds Petitioner has not shown that
7 circumstances existed that rendered the state's process ineffective to protect Petitioner's rights.
8 Petitioner does not have proof that he filed a petition for review.   The face page of the petition
9 for review provided by Plaintiff does not contain a file stamp.   Further, Petitioner provides
10 evidence that in a letter dated December 15, 2003, Petitioner was told what he needed to do to
11 file a petition for review.   Petitioner does not explain why he did not attempt to file his petition
12 for review immediately upon receiving the December 15, 2003 letter.   Petitioner also does not
13 explain why he did not attempt to present his claims to the California Supreme Court through
14 habeas review.   Based on the evidence provided, the court cannot deem that the California
15 Supreme's alleged clerical errors rendered the state's system for presenting claims to the
16 California Supreme Court ineffective to protect Petitioner's rights.

      Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed February 4, 2008 (Doc. 18), are ADOPTED IN FULL;
2. Respondent's Motion to Dismiss (Doc. 13), is GRANTED;
3. The Petition for Writ of Habeas corpus (Doc. 1), is DISMISSED; and
4. The Clerk of Court is DIRECTED to ENTER JUDGMENT and close the file.

This order terminates the action in its entirety.

IT IS SO ORDERED.

**Dated:   March 13, 2008**              /s/ Anthony W. Ishii
                                                UNITED STATES DISTRICT JUDGE