## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEVORNE WARE, | 1: 05 -CV- 0548 AWI TAG HC |
|     Petitioner, | ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| v. | |
| MENDOZA-POWERS, | ORDER DENYING MOTION FOR COUNSEL WITHOUT PREJUDICE |
|     Respondnet. | [Documents #22 & #23] |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 13, 2008, the court adopted the Magistrate Judge's Findings and Recommendations and dismissed the petition for Petitioner's failure to exhaust his state remedies prior to filing this action. On March 31, 2008, Petitioner filed a notice of appeal. On March 31, 2008, Petitioner also filed a motion for counsel.

The court has entered a final order dismissing this action, and Petitioner is now attempting to appeal this dismissal to the Ninth Circuit. As such, it appears that Petitioner is seeking counsel to help him appeal this action. This court does not appoint counsel to represent parties on appeal. Petitioner's motion for counsel must be denied without prejudice to Petitioner asking the Ninth Circuit for counsel.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Before Petitioner can appeal this's court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

1  Although no express request was made for a certificate of appealability, the notice of appeal is
2  deemed to constitute a request for a certificate.  See Fed. R.App. P. 22(b); United States v. Asrar,
3  108 F.3d 217, 218 (9th Cir. 1997).
4         The controlling statute for issuing a certificate of appealability is 28 U.S.C. § 2253, which
5  provides as follows:

>  (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>  (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>  (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>  (B) the final order in a proceeding under section 2255.
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

In the present case, the court finds that reasonable jurists would not disagree with the court's finding that Petitioner failed to exhaust state remedies prior to filing suit.    The court finds that standard set forth in 28 U.S.C. § 2253 have not met.   Thus, the court declines to issue a certificate of appealability.

Accordingly, the court ORDERS that:

1. Plaintiff's motion for counsel is DENIED without prejudice to Petitioner filing a motion for counsel in the Ninth Circuit; and

2. No certificate of appealability SHALL BE ISSUED.

IT IS SO ORDERED.

**Dated:   April 29, 2008**                        /s/ Anthony W. Ishii
                                                                UNITED STATES DISTRICT JUDGE

3